IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EDGAR RIVERA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>TURBO DEBT LLC, a Delaware company,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Edgar Rivera ("Plaintiff Rivera" or "Rivera") brings this Class Action Complaint and Demand for Jury Trial against Defendant Turbo Debt LLC ("Defendant" or "Turbo Debt") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Rivera, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Rivera is a resident of Lakewood, Colorado.

2. Defendant Turbo Debt is a Delaware registered company headquartered in Sunrise, Florida.

1

**JURISDICTION AND VENUE**

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. Venue is proper and this Court has personal jurisdiction over the Defendant since the Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

**INTRODUCTION**

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.7 billion robocalls were placed in November 2024 alone, at a rate of 157.6 million per day. www.robocallindex.com (last visited December 24, 2024).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Turbo Debt provides debt relief services to consumers.[3]

15. Turbo Debt charges a fee for its services:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/turbodebt



16. Turbo Debt places calls to consumers to generate business.

17. Turbo Debt places unsolicited calls to consumers to generate business using pre-recorded calls to consumers.

18. Consumers have captured and posted pre-recorded voicemails which they received from Turbo Debt that are the same as the prerecorded voicemails Plaintiff Rivera received, including:



19. Many consumers have posted complaints online about unsolicited telemarketing and pre-recorded calls that they received from Turbo Debt, including:

---

[4] https://www.turbodebt.com/what-is-turbodebt
[5] https://www.nomorobo.com/lookup/610-638-2743
[6] https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/44f0087c-8c14-11ef-aedc-0050569b5702

4

- "This company keeps *robocalling* my work phone from 5 different states and phone numbers, everyday at exactly 6am '*Hello this is Katie form turbodebt*'. Change your business practices, use a single phone number. Only scamming companies use random phone numbers *prerecorded messages calling at all hours*…"[7] (emphasis added)

- "I've reached 3 voicemails from "***** from Turbo Debt getting back to me in regards to an application" not including a handful of missed calls with a similar number, but never the exact same number. I've never reached out to this company, nor have I filed an application for anything with them. I don't even know what this company does honestly. *All 3 voicemails are exactly the same… the same voice, same length at :17 seconds, and the same pauses in between sentences and words. I could play them all at the same time and I swear they'd be in sync and you wouldn't even know it's 3 different voicemails*. I received the voicemails on 9/16 at 12:36pm, 9/18 at 12:38pm, and 11/3 at 8:42pm. The most recent one waking up my newborn and my toddler as they've recently just gone to bed for the night. Completely unacceptable. Do better and deal with people who actually reach out to the company rather than people that don't."[8] (emphasis added)

- "Turbos debt calls from multiple numbers. Told to be removed. Nothing works to stop the calls."[9]

- "I got an *automated phone call* today claiming this company needed to speak to me regarding my application which I never filled out nor have I heard about it. Please don't appreciate being called like this."[10] (emphasis added)

- "Continue to call 5-6 times a day 7 days a week"[11]

- "This company keeps contacting me and I keep asking them not too. The most recent contact was 11/3/24 6:39PM central time! What company even bothers people on the weekends. I have no clue how they even obtained my information and I keep telling them to stop contacting me. They keep calling from different numbers that look like local numbers. It is the evening time and I am trying to spend it in peace with my family. The calls are relentless and they never ever stop. Please just make them stop."[12]

- "This company calls multiple times everyday. They are using a spoof program and it looks like the call is from a local number. After blocking each different number, they change the number and keep calling. I have never heard of this company before and never filled out any application. *Voice mail is always the same Hi, this is ***** from Turbo Debt. I was just getting back to you in regards to your application.*

---

[7] https://www.facebook.com/turbodebt/reviews
[8] https://www.bbb.org/us/fl/sunrise/profile/debt-relief-services/turbo-debt-llc-0633-92027101/customer-reviews
[9] Id.
[10] Id.
[11] Id.
[12] Id.

5

> ***Please give me a call back at 855-926-xxxx as soon as you can thank you***. Please make them stop the calls and harassing me."[13] (emphasis added)

- "This business will not stop calling me and ***I never signed up***. I've blocked their number and they just call from another number and they keep leaving me voicemails. I would like this business to leave me alone, stop calling and leaving me voicemails."[14] (emphasis added)
- "Won't stop calling me for no reason even after I block the number 17 times"[15]

20. In response to these calls, Plaintiff Rivera brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF RIVERA'S ALLEGATIONS

21. Plaintiff Rivera is the sole owner and user of his cell phone number ending in 5938.

22. Plaintiff Rivera has owned his cell phone number since April of 2023.

23. Plaintiff Rivera received a series of unsolicited calls, all of which identify the name Turbo Debt in a pre-recorded voicemail.

24. Plaintiff believes that the voicemails were pre-recorded because, other than a couple of voicemails that are cut-off in the beginning, all of the voicemails contain the same exact message, with the same intonation, pauses and voice. Most of the voicemails are exactly 13 seconds in length, except for when the message is cut-off or preceded by a period of silence.

25. The voicemails (other than those that are cut-off unnaturally at the beginning) state:

"Hi, this is Katie from Turbo Debt. I was just getting back to you in regards to your application. Please give me a call back at 855-926-1910 as soon as you can. Thank you."

26. The voicemails are identical to recordings that other consumers received, as per the above.

---

[13] Id.
[14] Id.
[15] https://www.google.com/search?q=%22turbo+debt

6

27. Plaintiff Rivera received the following calls, none of which were answered, but all of which contain a pre-recorded voicemail:

- May 24, 2023 at 8:17 PM from 720-538-8595;
- May 25, 2023 at 8:23 PM from 720-538-8597;
- May 30, 2023 at 2:55 PM from 720-881-5548;
- May 30, 2023 at 7:26 PM from 720-538-8595;
- May 31, 2023 at 10:31 AM from 720-881-5548;
- May 31, 2023 at 8:20 PM from 720-538-8595;
- June 1, 2023 at 4:47 PM from 720-881-5548;
- August 2, 2023 at 12:10 PM from 720-864-9027;
- August 7, 2023 at 2:12 PM from 720-864-9021;
- August 7, 2023 at 4:45 PM from 720-864-9020;
- August 9, 2023 at 3:54 PM from 720-864-9027;
- August 16, 2023 at 4:11 PM from 720-864-9020;
- August 22, 2023 at 10:30 AM from 720-918-3919;
- August 22, 2023 at 4:18 PM from 720-538-8595;
- August 23, 2023 at 9:49 AM from 720-538-8595;
- August 24, 2023 at 12:34 PM from 720-538-8597; and
- August 26, 2023 at 11:04 AM from 720-864-9021.

28. Plaintiff Rivera has never done business with Turbo Debt or consented to be contacted by them.

29. Plaintiff Rivera was not looking into any debt relief services.

30. Plaintiff's attorneys sent a demand for consent to Turbo Debt on December 15, 2024 by email, but a response was not received.

31. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Rivera in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

32. Seeking redress for these injuries, Plaintiff Rivera, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

33. Plaintiff Rivera brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Turbo Debt called on their cellular telephone number (2) using an artificial or pre-recorded voice (3) despite person not submitting an application to Defendant that included their telephone number.

34. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Rivera anticipates the need to amend the Class definitions following appropriate discovery.

35. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls as part of the same campaign resulting in calls to other Class members.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

 (a) whether Defendant Turbo Debt or its agents placed pre-recorded voice message calls to Plaintiff Rivera and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

 (b) whether the calls constitute a violation of the TCPA;

 (c) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

 (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37. **Adequate Representation**: Plaintiff Rivera will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Rivera has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Rivera and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Rivera nor his counsel have any interest adverse to the Class.

38. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Rivera Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it

would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Rivera and the Pre-recorded No Consent Class)

39. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

40. Defendant Turbo Debt transmitted unwanted solicitation telephone calls to Plaintiff Rivera and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

41. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Rivera and the other members of the Pre-recorded No Consent Class.

42. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Rivera and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rivera individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rivera requests a jury trial.

**EDGAR RIVERA**, individually and on behalf of all others similarly situated,

DATED this 13th day of January, 2025.

By: /s/ *Stefan Coleman*

Stefan Coleman
COLEMAN PLLC
18117 Biscayne Blvd
Suite 4152
Miami, FL 33160
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

11